Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that as the children and devisees of William Soper deceased, were not parties to the chancery suit instituted in the County court of Matthews, by Francis Armstead against John Hudgin, executor of the said William Soper deceased, for the establishment and recovery of the debt claimed to be due from the said William Soper, and to charge the same on the realty in the event of there being no personal assets, the children and devisees are not bound by the decree, directing a sale of the land devised; and that the sale and confirmation thereof, and the deed of the commissioners to the purchaser, did not operate so as to pass the legal title. The Court is therefore of opinion, that there is no error in so much of the decree appealed from as dissolved the injunction to the judgment recovered in the action of ejectment in the bill and proceedings mentioned.
The Court is further of opinion, that as the will of the said William Soper charged all the estate devised *330 with the payment of his debts, and as it appears from the report of the commissioner that the whole of the personal assets had been exhausted, leaving unsatisfied the debt due to said Francis Armstead, his debt when established as against the devisees, would have been a charge.on said real estate : And the same having been paid by the purchaser of said real estate, who purchased under said decree,' in good faith, and with the expectation of thereby acquiring a good title to said estate, the purchaser, in the event which has happened, of a disaffirmance of said sale, is entitled to be substituted to the rights of the said Armstead, and to charge said estate with the amount of said debt so paid by him.
The Court is further of opinion, that in this cause and as between these parties, the said Francis Arm-stead was, under the circumstances, a competent witness to prove the validity of his debt. He was under no responsibility to the purchaser at the sale, because he entered into no covenants binding him for the sufficiency of the title; and it was as much the duty of the purchaser as of the creditor to look to the regularity of the proceedings. And there being no fraud charged or imputed to him, the purchaser, in no event could look to him for indemnity; in such case, he purchases at his own risk. Nor could said Armstead be held responsible in any event, to the executor of William Soper; for as against him, the validity of his debt, and his right to receive payment, was established by the decree. Nor was he liable to the devisees; for as to them, the proceeding was merely void, and did not prevent them from asserting their legal title, and recovering the land. And the Court is further of opinion, that by the testimony of John Patterson, and the evidence of said Arm-stead before the commissioner, taken in connexion with the other circumstances of the case, irrespective of the decree of the County court, it appears that the debt due to said Armstead, amounted to £ 208. 10. 11¾., for *331 which, sum, with interest thereon from the 1st day of June 1798, until payment, said land in the hands of the devisees, is chargeable on account of the debt due said Armstead. And it furthermore appearing that the purchaser, after discharging the debt, interest and costs due to said Armstead, paid over to the said John Hudgin, as executor of said William Soper, the balance of the purchase money, in pursuance of said decree; and the report of the commissioner, shewing that upon a settlement of the executor’s accounts, there was a balance due to him of £ 28. 8. 3½., which was satisfied by an application of so much of the purchase money of said land, the purchaser has a right to be substituted to the rights of the executor, and charge the land with that sum, with interest thereon from the 16th June 1798, until paid. And for the residue of the purchase money, he would have had a right, had not the same been waived, to call on said executor to refund; it not appearing by the commissioner’s report, that the executor has disbursed the same in payment of debts or to the legatees.
The Court is further of opinion, that in ascertaining the amount for which the purchaser is entitled to charge the land devised, his claim should be credited with the amount of the rents and profits as ascertained by the report of the commissioner, made out in the cause, and to be continued from that time ; and that for the residue of the sums, £208. 10. 11¾. and £ 28. 8. 3½., with interest as aforesaid, which may remain after crediting the rents and profits as ascertained by said report, and continued from that time, the appellant is entitled to a decree declaring the same to be a charge on the land, and providing that unless the same should be paid by the devisees within a reasonable time, that said land be sold for the satisfaction thereof, on terms to be prescribed for the purpose.
It is therefore adjudged, ordered and decreed, that so much of said decree as conflicts with the principles *332 herein declared, be reversed, with costs to appellants; and that the residue be affirmed. And the cause is remanded to be further proceeded in according to the principles of this opinion, in order to a final decree.